## LOUIS JANIN v. MADAME DE PONTALBA.

A letter considered as the evidence of an obligation, must be construed according to the ordinary rules of interpretation prescribed for contracts in general, and its contents determined by the meaning of the words in which it is written.

APPEAL from the Sixth District Court of New Orleans, *Howell,* J.
C. *Roselius* and W. H. *Hunt,* for plaintiff. J. *Magne* and B. S. *Tappan,* for defendant and appellant.

LAND, J. The plaintiff, an attorney-at-law, sues to recover a fee of ten thousand dollars, for professional services rendered by him to the defendant in the suit of *The Heirs of General Lafayette* v. *Pontalba et als.,* in the Circuit Court of the United States for the Eastern District of Louisiana, and in the Supreme Court at Washington.

The evidence establishes, that the suit mentioned involved title to a large and valuable real estate situate in the rear of the city of New Orleans ; that its defence required an unusual degree of research and labor on the part of counsel ; and further, that the suit was decided in favor of the defendant, and that the fee claimed by the plaintiff is a reasonable compensation for his professional services in that cause.

The employment of the plaintiff, and the rendition of services by him in defence of the suit, are admitted ; but the defendant contends, that the plaintiff had contracted with her an obligation to defend her rights in that litigation without fee or compensation. The evidence of that obligation, it is alleged, is contained in a letter which was written by the plaintiff to the defendant, and which is in the following words :

"Nouvelle-Orléans, le 11 Décembre, 1848.

"*Madame la Baronne de Pontalba :*

"Madame : A votre demande, je vais retracer à la hâte et bien brièvement le sujet de la conversation que nous venons d'avoir.

"Je vous ai dit que votre procès contre *Evariste Blanc* est sur le point d'être fixé ; que je serai prêt à le plaider le jour où il sera fixé ; qu'à moins d'un empêchement que je ne puis pas prévoir, et qu'il n'est pas en mon pouvoir d'écarter, (tel que les affaires antérieurement fixées, qui occuperaient le temps désigné pour cette cause, ou la maladie du juge *Bullard,* votre adversaire,) elle sera plaidée le jour pour lequel elle sera fixée ; que s'il y a appel du jugement de la cour inférieure, l'appel pourra probablement être plaidé dans trois mois depuis l'enregistrement du dossier.

"Je vous ai dit aussi, que je ne connaissais pas de meilleur titre sur la terre en contestation entre vous, Messrs. *Moore & Nicolet* et *Evariste Blanc,* que votre titre et celui de *Messrs. Moore & Nicolet* réunis.

"Vous avez ensuite proposé de faire une transaction avec *Messrs. Moore & Nicolet,* par laquelle vous partageriez également entre vous la terre en contesta-

JANIN
v.
PONTALBA

tion, et qui est la même terre que ces messieurs ont achetée, en deux morceaux, de la Banque du Canal et d'autres personnes, à la condition expresse que vous n'auriez aucuns honoraires d'avocats, ou outres frais quelconques, à payer. Vous êtes donc convenue de signer la transaction preparée par *Jules Mossy*, notaire public, ou d'en signer une semblable. Je m'engage de mon côté à plaider le procès contre *E. Blanc* sans compensation pour la part que vous en retirerez, et de payer votre part des frais du procès, jusqu'au jugement final. Les frais de partage et de vente vous resteront seuls à charge.

"Agréez, Madame, l'assurance de ma haute considération.

"Signé,                                        LOUIS JANIN."

The words of this letter are clear and explicit, and refer exclusively to the lawyer's fees in the suit then pending against *E. Blanc*, and can by no reasonable construction be held to apply to fees in any other case. The letter, considered as the evidence of an obligation, must be construed according to the ordinary rules of interpretation prescribed for contracts in general, and its intent determined by the clear and explicit words in which it was written. The plaintiff, on his part, bound himself to prosecute the suit against *E. Blanc*, for the defendant, without compensation, but for nothing more, so far as fees for his professional services were the subject-matter of his undertaking, and the letter must be held to express the full extent of his obligation.

The fact that the plaintiff received a liberal fee for his services in the suit against *E. Blanc*, is immaterial in this controversy. And the further facts, that the plaintiff defended the suits of *Copland* v. *Pontalba*, and of *Arrcwsmith* v. *Durel*, for the defendant, without compensation, are also immaterial in this case, because in those suits he acted for the defendant in consideration of fees previously paid, and in pursuance of a special written agreement to that effect.

The fee demanded appears to be large, but its reasonableness is well sustained by the testimony of gentlemen who stand high in the legal profession, and who had peculiar means of knowledge touching the nature of the suit against the defendant, and the research and labor necessary to its proper defence.

The judgment of the lower court is in favor of the plaintiff for the amount claimed, and must be affirmed.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs.